J-S72001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.P. AND K.P., MINORS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.P., FATHER | : | No. 763 MDA 2016 |

Appeal from the Orders Entered April 21, 2016
In the Court of Common Pleas of York County
Juvenile Division at No(s): CP-67-DP-0000560-2006;
CP-67-DP-0000561-2006

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:              **FILED SEPTEMBER 27, 2016**

Appellant, R.P. ("Father") appeals from the orders entered in the York County Court of Common Pleas, Juvenile Division, which adjudicated J.P. and K.P. ("Children") dependent children and placed them in the custody of the York County Office of Children, Youth & Families ("CYF").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. Children's mother is deceased, and teenage Children regularly reside with Father.  On January 6, 2016, upon receiving a complaint that Father had overdosed on prescription pain medication, paramedics responded to Father's and Children's home and transported Father to the hospital.  On

_____

[1] Ordinarily, where one or more orders resolves issues arising on more than one docket, an appellant must file separate notices of appeal from each order.  **See** Pa.R.A.P. 341, Note.  Father filed one notice appeal arising out of two orders respectively adjudicating Children dependent.  Had Father complied with Rule 341, it is likely his notices of appeal would have consolidated in any event.  Accordingly, we decline to penalize Father for his non-compliance with Rule 341.

_____

*Retired Senior Judge assigned to the Superior Court.

January 8, 2016, CYF received a referral regarding Father in light of the January 6th incident. Also on January 8, 2016, CYF filed motions for special relief, requesting that Father have only supervised contact with Children. By orders dated and filed on January 11, 2016, the court preliminarily granted CYF's motions and prohibited Father from having contact with Children without the supervision of Children's paternal grandparents.

On January 21, 2016, the court held a hearing on CYF's motions. By orders dated and filed January 21, 2016, the court granted CYF's motions, maintained the January 11th orders, and directed that Children would temporarily reside with their paternal grandparents although Father retained legal and physical custody of Children. Through the January 21st orders, the court also required Father to undergo drug and alcohol evaluation. On February 26, 2016, Children resumed residency with Father.

On March 2, 2016, police responded to the home of a neighbor of Father. After visiting the neighbor, J.P. refused to return home; and Father appeared at the neighbor's home to retrieve J.P. After investigation, police believed Father was under the influence of prescription pain medication and contacted CYF. On March 3, 2016, CYF filed applications for emergency protective custody. A master held a shelter care hearing on March 7, 2016. By orders dated March 7, 2016, and filed on March 8, 2016, the court placed Children in the care of emergency caregivers and in CYF's legal and physical custody.

On March 9, 2016, CYF filed dependency petitions requesting the court to adjudicate Children dependent. The court held a dependency hearing on March 16, 2016, which continued on April 21, 2016. During the hearing, the court heard the testimony of Father, the police officer who responded to the March 2, 2016 incident, and a drug and alcohol monitoring specialist who collected drug test samples from Father. The Children also testified *in camera*. By orders dated and filed on April 21, 2016, the court adjudicated Children dependent, directed Children to remain under the care of emergency caregivers, and maintained CYF's physical and legal custody of Children. On May 11, 2016, Father filed a timely notice of appeal and a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i).

Father raises one issue for our review:

> DID THE TRIAL COURT ERR IN ADJUDICATING [CHILDREN] DEPENDENT CHILDREN AND REMOVING THEM FROM THE CARE OF THEIR FATHER WITHOUT CLEAR AND CONVINCING EVIDENCE THAT HE WAS UNABLE TO CARE FOR THEM?

(Father's Brief at 5).

The applicable scope and standard of review for dependency cases is as follows:

> [T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re A.B.*, 63 A.3d 345, 349 (Pa.Super. 2013) (quoting *In re R.J.T.*, 608 Pa. 9, 26-27, 9 A.3d 1179, 1190 (2010)).

> We accord great weight to this function of the hearing judge because [the court] is in the position to observe and rule upon the credibility of the witnesses and the parties who appear before [the court]. Relying upon [the court's] unique posture, we will not overrule [its] findings if they are supported by competent evidence.

*In re A.H.*, 763 A.2d 873, 875 (Pa.Super. 2000) (quoting *In re B.B.,* 745 A.2d 620, 622 (Pa.Super. 1999)) (citations omitted). *See also In re L.Z.*, ___ Pa. ___, ___, 111 A.3d 1164, 1174 (2015) (reiterating standard of review in dependency cases requires appellate court to accept trial court's findings of fact and credibility determinations if record supports them, but appellate court is not required to accept trial court's inferences or conclusions of law); *In re D.P.*, 972 A.2d 1221, 1225 (Pa.Super. 2009), *appeal denied*, 601 Pa. 702, 973 A.2d 1007 (2009) (stating applicable standard of review in dependency cases is "abuse of discretion"). Further, in placement and custody cases involving dependent children:

> The trial court, not the appellate court, is charged with the responsibilities of evaluating credibility of the witnesses and resolving any conflicts in the testimony. In carrying out these responsibilities, the trial court is free to believe all, part, or none of the evidence. When the trial court's findings are supported by competent evidence of record, we will affirm even if the record could also support an opposite result.

*In re S.G.*, 922 A.2d 943, 947 (Pa.Super. 2007).

On appeal, Father asserts his testimony at the dependency hearing

demonstrated his physician was no longer prescribing Father pain medication. Father maintains his testimony and drug tests established Father was not taking prescription pain medication as of April 21, 2016. Father submits there was no clear necessity for separation because he was not taking prescription pain medication, and he was immediately able to provide Children proper parental care. Father avers no direct evidence established he was unable to parent Children. Father concludes this Court should reverse the court's dependency decisions and return Children to Father's custody. We disagree.

The Juvenile Act defines a dependent child, in pertinent part, as follows:

> **§ 6302. Definitions**
>
> **"Dependent child."** A child who:
>
> (1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for [the child's] physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, **including evidence of the parent's, guardian's or other custodian's use of alcohol or a controlled substance that places the health, safety or welfare of the child at risk[.]**

42 Pa.C.S.A. § 6302 (emphasis added).

> If the court finds that the child is dependent, then the court may make an appropriate disposition of the child to protect the child's physical, mental and moral welfare, including allowing the child to remain with the parents

- 5 -

subject to supervision, transferring temporary legal custody to a relative or a private or public agency, or transferring custody to the juvenile court of another state.

*Id.* This Court has explained:

> [T]he dependency of a child is not determined "as to" a particular person, but rather must be based upon two findings by the trial court: whether the child is currently lacking proper care and control, and whether such care and control is immediately available.

*In re J.C.*, 5 A.3d 284, 289 (Pa.Super. 2010) (citations omitted).

"The burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency." *In re G., T.*, 845 A.2d 870, 872 (Pa.Super. 2004). Our Supreme Court stated:

> A court is empowered by 42 Pa.C.S. § 6341(a) and (c) to make a finding that a child is dependent if the child meets the statutory definition by clear and convincing evidence. If the court finds that the child is dependent, then the court may make an appropriate disposition of the child to protect the child's physical, mental and moral welfare, including allowing the child to remain with the parents subject to supervision, transferring temporary legal custody to a relative or a private or public agency, or transferring custody to the juvenile court of another state. 42 Pa.C.S. § 6351(a).

*In re M.L.,* 562 Pa. 646, 649, 757 A.2d 849, 850-51 (2000).

> Even after a child has been adjudicated dependent, however, a court may not separate that child from his…parent unless it finds that the separation is clearly necessary. Such necessity is implicated where the welfare of the child demands that [the child] be taken from [the child's] parents' custody.

*In re G., T., supra* at 873 (citations omitted).

Instantly, the juvenile court reasoned as follows:

> Both minor [C]hildren testified in chambers with counsel present. The [c]ourt found both minor [C]hildren's testimony to be very credible and well-substantiated regarding their fear of returning to Father's care based on his conduct over the past several months. Both minor [C]hildren testified in significant detail about numerous incidents in which Father was impaired while they were in his care. More specifically, minor [C]hildren testified to occasions when Father was impaired while driving a vehicle, preparing meals, and shopping at the grocery store. Testimony established that on January 6, 2016, it appeared as though Father had a drug overdose or reaction that left him very impaired. When…J.P.[] tried to assist Father, Father was physically aggressive toward [her].
>
> The [c]ourt acknowledges Father's testimony regarding his efforts to eliminate the use of all medications. Father admitted to being addicted to prescription medications but testified that he is no longer having addiction issues. However, the [c]ourt remains concerned over the safety of [Children] in his care. Father has stated in the past that he has overcome his addiction issues but shortly thereafter he was right back to using medications. Testimony established that when Father had custody of [the] minor [C]hildren supervised by the grandparents his conduct improved, but within one (1) week of the supervision requirements being lifted, Father was again impaired while caring for the minor [C]hildren and the minor [C]hildren were fearful of being in his care.
>
> Overall, the [c]ourt did not find Father's testimony fully credible. Father admitted to his addiction to prescription medications but denied ever inhaling crushed medications. However, both minor [C]hildren credibly testified to witnessing Father inhale a white powder substance.

(Juvenile Court Opinion, filed June 6, 2016, at 1-2). Additionally, at the conclusion of the dependency hearing, the court made the following remarks on the record:

> The [c]ourt believes based on the testimony from March 16th and today in total that there is clear and convincing evidence for a basis of adjudication of dependency.
>
> The [c]ourt would emphasize that while the [c]ourt believes that [F]ather has taken appropriate steps to address the issues that brought him and…[C]hildren into the jurisdiction of the court to begin with, that those steps are very recent, meaning especially on medication that [Father] ha[s] worked [him]self off by [Father's] testimony and the statement from [Father's] doctor off all medication currently.
>
> The [c]ourt's concern though is that is a recent change and while on the medication [Father's] conduct was of significant concern as it relates to the safety of…[C]hildren and [Father's] ability to provide proper care and control.

(N.T. Dependency Hearing, 4/21/16, at 51-52). The record supports the juvenile court's decision that Children are dependent children, and their separation from Father is clearly necessary. *See In re J.C., supra*; *In re G., T., supra*. Accordingly, we affirm.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016

- 8 -